IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01006-BNB

DONALD RODERICK,

      Plaintiff,

v.

STATE OF COLORADO,
COLORADO DEPARTMENT OF CORRECTIONS,
GATBEL N. CHAMJOCK, PA, and
HELENE CHRISTNER, PA,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE TO A PRESIDING JUDGE

---

Plaintiff, Donald Roderick, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the correctional facility in Sterling, Colorado.  He

submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 that

also asserts supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over state-law

claims.  He asks for money damages and injunctive relief.

Mr. Roderick has been granted leave to proceed pursuant to the federal *in forma*

*pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to

dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks

monetary relief against a defendant who is immune from such relief.  A legally frivolous

claim is one in which the plaintiff asserts the violation of a legal interest that clearly does

not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*,

490 U.S. 319, 324 (1989).

Mr. Roderick is cautioned that his ability to file a civil action or appeal in federal

court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more

actions or appeals in any federal court that were dismissed as frivolous, malicious, or for

failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).

Under § 1915(g), the Court may count dismissals entered prior to the enactment of this

statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Roderick's Prisoner Complaint liberally because he

is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Prisoner Complaint will be dismissed in part pursuant to 28 U.S.C. §

1915(e)(2)(B) as legally frivolous.

Plaintiff contends he suffers from a cardiac condition.  As his first claim, he

complains that a  followup medical appointment for that condition was cancelled by the

DOC's insurance provider, Physician Health Partners, and his request of January 25,

2014, for a refill of certain medication was denied until February 20, 2014, causing him

to stop and restart the medication contrary to doctor's orders and placing him in

jeopardy of a reoccurring cardiac arrest.  On the basis of these allegations, he asserts

that physician assistants, Gatbel N. Chamjock and Helene Christner, have been

deliberately indifferent under the Eighth Amendment to his serious medical needs.

As his second claim, he alleges that physician assistants, Gatbel N. Chamjock

and Helene Christner, have been negligent in caring out his physician's medical orders

concerning his cardiac treatment and aftercare.  As his third claim, he contends the

State of Colorado and the DOC have been negligent in making sure their employees provide him with a reasonable level of medical care.

Mr. Roderick may not sue the State of Colorado or the DOC.  The State of Colorado and its entities are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).  The third claim asserted against the State of Colorado and the DOC will be dismissed, and these Defendants will be dismissed as parties to this lawsuit.

Accordingly, it is

ORDERED that claim three asserted against the State of Colorado and the Colorado Department of Corrections is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that the clerk of the Court remove the State of Colorado and Colorado Department of Corrections as parties to this lawsuit.  It is

FURTHER ORDERED that remaining claims one and two and the case are drawn to a presiding judge and, if appropriate, to a magistrate judge.  It is

FURTHER ORDERED that the only remaining Defendants are Gatbel N. Chamjock and Helene Christner.

DATED at Denver, Colorado, this __1st__ day of ___May_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court